**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

In re:   WILLIAM TYLER BROWN, JR.,                      Case No. 17-72171-SCS
                                                                       Chapter 11

              Debtor in Possession.

EIN:        xxx-xx-5242

**DEBTOR'S FIRST AMENDED**
**CHAPTER 11 PLAN OF REORGANIZATION**

*THIS DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION WAS FILED SO AS TO CORRECT AND CHANGE PARAGRAPH VIII(B) ON PAGE 20 SO AS TO PRESCRIBE THAT THE TIMING OF DEBTOR'S DISCHARGE SHALL BE GRANTED ONLY UPON COURT APPROVAL IN ACCORDANCE WITH § 1141(D)(5).*

APRIL 18, 2018

Joseph T. Liberatore, VSB No. 32302
CROWLEY, LIBERATORE, RYAN & BROGAN, P.C.
150 Boush Street, Suite 300
Norfolk, VA 23510
Telephone:  (757) 333-4500
Facsimile:  (757) 333-4512
Email:  jliberatore@clrbfirm.com
*Counsel for William Tyler Brown, Jr.*

## I.  **INTRODUCTION**

William Tyler Brown, Jr., the debtor in possession in this Chapter 11 bankruptcy Case, proposes this Plan under the provisions of Chapter 11 of Title 11 of the United States Code.  All claims and interests against the Debtor, of whatever nature, whether scheduled, liquidated or unliquidated, absolute or contingent, including all claims arising from the rejection of executory contracts or unexpired leases, whether resulting in an Allowed Claim, shall be bound by the provisions of this Plan.

The Debtor has the right to modify the Plan prior to Confirmation.  The Debtor may modify the Plan after Confirmation should such modification occur before final payment under the terms of the Plan.

## II.  **DEFINITIONS**

The definitions and rules of construction set forth in 11 U.S.C. §§ 101 and 102 shall apply to any term used in the Plan, unless otherwise expressly defined herein, and are supplemented by the following definitions:

**Administrative Expense** or **Claim**:  The costs and expenses of this Chapter 11 case, including: (a) the actual, necessary costs and expenses of preserving the Debtor's Estate or operating the Debtor's business; (b) all allowances of compensation and reimbursement of costs and expenses under Bankruptcy Code §§ 330 or 503; or, (c) such items as may otherwise be Allowed by an order of the Court.

**Allowed** or **Allowed Claim**:  A claim against the Debtor to the extent that either: (a) a proof of claim was timely filed; or, (b) a proof of claim was deemed filed pursuant to Bankruptcy Code § 1119(a) and such claim was not listed by the Debtor as disputed, contingent or unliquidated in its list of creditors filed with the Court pursuant to Section 521(a)(1); or, (c) a claim that is Allowed by an Order of the Court to that effect.

**Ballot**:  The document by which the holder of a claim against or an interest in the Debtor's Estate indicates whether such holder accepts or rejects the Plan.

**Bankruptcy Code** or **Code**:  Title 11 of the United States Code, as in effect on the Filing Date, and all amendments thereto made applicable to this Case by law.

**Bankruptcy Court** or **Court**:  U.S. Bankruptcy Court for the Eastern District of Virginia, Norfolk Division.

**Bankruptcy Rule** or **Rule _n_**:  Rule number of the Federal Rules of Bankruptcy Procedure 1001, _et. seq._

1

**Case**:  The Debtor's bankruptcy case commenced by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on the Filing Date, which is now pending in the U.S. Bankruptcy Court for the Eastern District of Virginia, Norfolk Division, Case No. 17-72171-SCS.

**Chapter 11**:  Sections 1101, *et seq.*, of the Bankruptcy Code, as in effect on the Filing Date, and all amendments thereto made applicable to this Case by law.

**Claim** or **Claims**:  Any and all claims, as defined in 11 U.S.C. § 101(5) against the Debtor, its Property or its Estate.

**CLRB:**  Crowley, Liberatore, Ryan & Brogan, P.C., counsel to the Debtor in this Case.

**Confirmation** or **Confirmation of the Plan** or **Plan Confirmation**:  The date on which the Confirmation Order is entered by the Court and has become final and nonappealable.

**Confirmation Hearing**:  The hearing on Confirmation of the Plan.

**Confirmation Order**:  The order entered by the Court confirming the Plan.

**Consummation of the Plan**:  Substantial consummation, as defined by Bankruptcy Code § 1101(2).

**Debtor:**  William Tyler Brown, Jr., the debtor in possession in this Case.

**DIP**:  Debtor in possession, as that term is used and defined in the Bankruptcy Code.

**Disclosure Statement** or **Statement**:  The Debtor's Disclosure Statement dated February 28, 2018, filed in accordance with the requirements of Section 1125(b) of the Bankruptcy Code.

**Disputed Claim**:  A Claim to which an objection has been filed with the Bankruptcy Court.

**Distributions**:  The amounts to be distributed to holders of Allowed Unsecured Claims under the Plan.

**Effective Date**:  The effective date of this Plan, as the term "effective date" is used in Chapter 11 of the Bankruptcy Code, shall be the date sixty (60) days after Confirmation of the Plan.

**Estate**:  The bankruptcy estate created on the Filing Date pursuant to Section 541(a) of the Bankruptcy Code.

**Executory Contracts:** All contracts subject to the provisions of 11 U.S.C. § 365 for which there is performance due from all parties to the contract as defined in *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc*. 756 F.2d 1043, 1045 (4th Cir. 1985).

**Filing Date**:  June 15, 2017, the date on which the Debtor filed this Case with the Court.

**IRS**:  The Internal Revenue Service, an agency of the Department of Treasury of the United States.

**Impaired**:  With respect to a classified claim or interest or a class of claims or interests, treatment by the Plan that is inconsistent with all of the subsections of Bankruptcy Code § 1124.

**Plan**:  The Debtor's First Amended Plan of Reorganization dated April 18, 2018, and filed with the Court on said date.

**Post-Petition**:  Times and dates on or after the Filing Date.

**Pre-Petition**:  Times and dates before the Filing Date.

**Priority**:  The portion of an Allowed Claim that is not a Secured Claim and that is entitled to Priority under Bankruptcy Code § 507(a).

**Property**:  All property and interests in property belonging to the Debtor as of the Filing Date, to the fullest extent provided by Section 541(a) of the Bankruptcy Code; all rights and actions or causes of action belonging to the Estate or to which the Estate succeeded on the Filing Date, including, but not limited to Sections 544, 547, 548, 549 and 550 of the Bankruptcy Code; and, the proceeds of such rights, actions, or causes of action.

**Rental Properties**:  The eleven (11) real properties titled in the name of the Debtor available for lease and located at the following addresses:
- 2704 Janice Lynn Court, Chesapeake, Virginia 23323
- 2706 Janice Lynn Court, Chesapeake, Virginia 23323
- 2708 Janice Lynn Court, Chesapeake, Virginia 23323
- 2709 Janice Lynn Court, Chesapeake, Virginia 23323
- 2710 Janice Lynn Court, Chesapeake, Virginia 23323
- 2712 Janice Lynn Court, Chesapeake, Virginia 23323
- 2716 Janice Lynn Court, Chesapeake, Virginia 23323
- 723 South Street, Portsmouth, Virginia 23704
- 550 Chautauqua Avenue, Portsmouth, Virginia 23707
- 412 26th Street, Virginia Beach, Virginia 23451 (inclusive of the rental unit located at the property address 413 25th ½ Street, Virginia Beach, Virginia 23451)
- 6456 Duquesne Place, Virginia Beach, Virginia 23464

**Family Property**:  The residential real property titled in the name of the Debtor located at 4708 Westmoreland Terrace, Portsmouth, Virginia 23707, which served as the residence of the Debtor's parents and family for many years. The Debtor subsequently decided to repair, rehabilitate and ultimately relocate to this property.

**Section _n_** or **§ _n_**:  Section number of the Bankruptcy Code.

**Secured Creditor** or **Secured Claim**:  A claim secured by a lien, security interest, a charge against, or a Property interest in which the Debtor has an interest, which interest was perfected as required by applicable nonbankruptcy law or which is subject to setoff under Section 553 of the Bankruptcy Code.  A claim is an Allowed Secured Claim to the extent of, but not exceeding, the value (determined pursuant to Bankruptcy Code § 506) of the interest of the holder of such Claim in the Debtor's interest in such Property, or to the extent of the amount subject to setoff. An Allowed Secured Claim includes interest, fees, costs and charges only to the extent they may be allowed under Section 506(b) of the Bankruptcy Code.

**Southern Consent Order**:  The portion of the *Order Granting Motion to Authorize Debtor's Use of Cash Collateral* [Docket No. 44] entered by this Court on August 23, 2017, reflecting an agreement between the Debtor and Southern Bank and Trust Company providing for the payment of interest on the Allowed Secured Claim of Southern Bank and Trust Company and treatment of the same under this Plan.  As further stated therein, the Allowed Secured Claim of Southern Bank and Trust Company is secured by a first priority lien on the Rental Property located at 550 Chautauqua Avenue, Portsmouth, Virginia 23707.

**Towne DIP Loan**:  The obligations of the Debtor as provided for in the *Order Approving DIP Loan with TowneBank* [Docket No. 68] entered by the Court on September 14, 2017, and the *Change in Terms Agreement* dated September 15, 2017 between the Debtor and TowneBank, wherein the Debtor agreed, among other terms, to repay the indebtedness of $217,447.99 in 59 regular payments of $2,029.06 each and one irregular payment estimated at $172,159.66, with the first payment due October 15, 2017, and all subsequent payments due on the same day of each month after that, and the final payment due on September 15, 2022.  As further stated therein, the foregoing obligations are secured by a first priority lien on the Rental Property located at 412 26th Street, Virginia Beach, Virginia 23451 (inclusive of the rental unit located at the property address 413 25th ½ Street, Virginia Beach, Virginia 23451) and the rents derived therefrom.

**Undersecured Claim**:  An Allowed Claim that would be a Secured Claim but for some or all of the Claim is an Unsecured Claim because the value of the collateral that secures the Claim is less than the sum of the dollar amount of the claim plus the aggregate balance of liens, security interests or other interests that are superior in priority to the Undersecured Claim with respect to the collateral.

**Unsecured Claim**: An Allowed Claim, inclusive of all Undersecured Claims, that is neither an Administrative Expense, Priority Claim nor Secured Claim.

**Unsecured Creditor**:  A Creditor with an Unsecured Claim.

### SUMMARY OF PLAN & MEANS OF EXECUTION

The Debtor's detailed Plan Budget that was provided in his Disclosure Statement is attached to this Plan as Exhibit A.

**A. General:** Upon Confirmation, the Debtor shall be empowered and authorized to take or cause to be taken, prior to the Effective Date, all actions necessary to implement the provisions of the Plan.

**B. Property of the Estate:** Upon Confirmation, and except as otherwise expressly provided in the Plan or other orders of the Court, the Debtor shall retain all Property not otherwise transferred or assigned pursuant to this Plan or during the administration of the Case free and clear of all Claims and interest of creditors.

**C. Operations Between Confirmation Date & Effective Date.** During the period from Confirmation through and until the Effective Date, the Debtor may continue to operate his business (management of his rental properties) as a debtor in possession, subject to all applicable orders of the Bankruptcy Court.

**D. Means of Cash Payments and Distributions under the Plan.** On the Effective Date, or as thereafter as provided under the terms of this Plan or the Confirmation Order, the Debtor shall make all cash payments and distributions provided for herein either from monies on hand in the Debtor's debtor in possession bank accounts or from income thereafter acquired from the operations of the Rental Properties and/or any additional construction and carpentry work as an independent contractor.

**E. Delivery of Distributions & Returned Distributions.** Unless otherwise established by separate order of the Court, distributions, deliveries, and any notice to holders of Allowed Claims will be made at: (i) the addresses set forth in any proof of claim filed by the holder of such Allowed Claims, or if none, at the address set forth in the Notice of Appearance filed with the Court, or if none, at the address set forth in the Debtor's Schedules; or, (ii) at the addresses set forth in any written notice of address changes delivered and received by the Debtor; or, (iii) at the option of the Debtor, to counsel of record for the holder of any Allowed Claim.

If any distribution is returned as undeliverable, no further Distributions to the holder will be made unless and until the Debtor is notified of the holder's then current address, at which time all returned Distributions will be made to the holder without interest. All claims for undeliverable Distributions must be made to the Debtor on or before the six (6) month anniversary of the Effective Date. After that date, all unclaimed property will be remitted to the Debtor, and the entire Claim of any holder with respect to such property will be forever barred.

**F. Time Bar to Cash Payments.**  Any checks issued in respect of Allowed Claims will be void if not cashed within 60 days of the date of their issuance.  Requests for reissuance of any check shall be made to the Debtor by the holder of the Allowed Claim to whom the check originally was issued.  Any claim in respect of such a voided check must be made on or before 90 days after the date of issuance of the check.  After that date, all claims in respect of void checks will be forever barred and the amount of the check shall be distributed in accordance with the terms of the Plan.

**G. De Minimis Distributions.**  No payment of less than five dollars ($5.00) will be made on account of any Claim.  If at any time after the Effective Date, the total amount of cash available for Distributions to all holders of Allowed Claims is insufficient to pay any holder of such Allowed Claims at least five dollars ($5.00) and the Debtor determines that, to the best of its knowledge, no more funds will subsequently become available for Distribution, then all of the remaining funds may be used as the Debtor sees fit.

### III.  UNCLASSIFIED CLAIMS AND THEIR TREATMENT

In accordance with Section 1123(a)(1), Administrative and Priority Claims are not classified.  The treatment specified for each unclassified claim or interest is as follows:

**A. Administrative Expenses**

- **Crowley, Liberatore, Ryan & Brogan, P.C.:**  Crowley, Liberatore, Ryan & Brogan, P.C. ("CLRB") holds an Administrative Claim against the Debtor for legal fees and expenses incurred in its representation of the Debtor in this Case (the "CLRB Claim"). In accordance with 11 U.S.C. § 1129(a)(9)(A) and subject to approval of such fees and expenses by the Court. CLRB anticipates that its accumulated fees through the Confirmation Date will be in excess of $65,000. However, in an effort to assist the Debtor's efforts to reorganize, CLRB will reduce to $50,000 the amount that it seeks approval from the Court, plus reimbursement of its costs (approximately $2,300). Subject to Court approval, the Debtor will make an initial payment to CLRB of $10,000. CLRB has agreed to receive payments on its approved fees and cost over a period of time, according to the Debtor's ability to pay, with a minimum amount of $250 per month. In each month subsequent to the Effective Date, if the Debtor has excess cash flow after payment of all other monthly payments required under the Plan, the Debtor is not required, but may use his business judgment to determine whether we can afford to make a payment toward approved Administrative Expenses to CLRB in excess of the $250 minimum monthly installment.

- **United States Trustee Fees:**  All fees required to be paid by 28 U.S.C. § 1930(a)(6) will accrue and be timely paid in the ordinary course until the case is closed, dismissed or converted to another chapter of the Bankruptcy Code, whichever occurs first.  The Debtor shall pay any past due U.S. Trustee Fees owed on or before the Effective Date of this Plan on the Effective Date.

- **Real Estate Taxes:**  All real estate taxes assessed by the Cities of Chesapeake, Portsmouth or Virginia Beach against either the Family Property or the Rental Properties (the "Real Estate Taxes") will accrue and be timely paid in the ordinary course.  The Debtor shall pay any past due post-petition Real Estate Taxes owed on or before the Effective Date of this Plan on the Effective Date. Each secured claimant may request that the Debtor fund future real estate taxes (as well as insurance premiums) by making monthly escrow payments simultaneous to the Debtor's Plan principal and interest payments.

- **TowneBank:**  All amounts required to be paid by the Debtor pursuant to the Towne DIP Loan will accrue and be timely paid in the ordinary course.  The Debtor shall pay any past due amounts under the Towne DIP Loan owed on or before the Effective Date of this Plan on the Effective Date.

**B.  Administrative Claims Bar Date:**

The bar date for filing all Administrative Expense Claims shall be forty-five (45) days after confirmation of the Plan, except to the extent such Administrative Expenses are an Ordinary Course Expense or legal fees and costs incurred by CLRB.  Ordinary Course Expenses shall be due and payable within thirty (30) days unless otherwise agreed upon by the parties. Holders of such Post-Petition Ordinary Course Expenses shall not be required to file any request for payment of such Administrative Expenses.

**C.  Priority Claims Specified in 11 U.S.C. § 507(a)(8)**

- **Internal Revenue Service**: The Internal Revenue Service (the "IRS") shall be Allowed a Priority Claim in the amount of Proof of Claim No. 2, or $8,045.41, and will be paid with interest charged in accordance with Internal Revenue Code § 6621. Payments to the IRS shall commence on the tenth (10th) day of the month following the Effective Date at $779 per month for ten (10) consecutive months. A final payment of approximately $258 will be made in the 11th month to satisfy this claim.

- **Virginia Department of Taxation**:  The Virginia Department of Taxation holds an Allowed Priority Claim in the amount of $339.23 pursuant to its Proof of Claim No. 20.  Given the relatively denims size of this claim, the Debtor shall pay this claim in full by no later than the tenth (10th) day of the month following the Effective Date from the DIP Account.

As of the date of this Plan, and other than the foregoing claims, no such Priority Claims have been asserted and the Debtor does not believe any other such Priority Claims exist.  To the extent that priority claims are filed, they will be paid, beginning on the tenth (10th) day of the month following the Effective Date, in equal monthly installments over five (5) years bearing interest at an annual rate set at the Federal short-term rate as of the date of entry of an Order confirming this Plan.  The Debtor may at any time following Confirmation pay such Priority Claims in full without penalty.

7

## IV.  EXECUTORY CONTRACTS

In accordance with 11 U.S.C. § 1123(b)(2), all pre-petition unexpired residential leases to which the Debtor was a party as a landlord on the Filing Date are assumed under the Plan.  For the avoidance of doubt, any lease that expired by its terms or was terminated in the ordinary course of business during the pendency of the Case is rejected.

All other pre-petition executory contracts and/or unexpired leases to which the Debtor was a party are hereby rejected.

## V.  CLASSIFIED CLAIMS

In accordance with 11 U.S.C. §§ 1122 and 1123(a)(1), certain claims asserted against the Debtor have been placed in classes.  The Debtor's current understanding and belief as to number, holders and amount of each Allowed Secured Claim and *Allowed Unsecured Claims* is stated on the *List of Allowed Secured Claims* attached hereto as Exhibit B.  The precise amount of the claim in each class may vary from that stated in the Plan should the Debtor: (1) object to the amount or classification of the Claim as stated in the Claimant's proof of claim; (2) reach an agreement with a Claimant as to or otherwise determine under the Bankruptcy Code & Rules the value or amount of a Claim; or, (3) reduce the balance of a Claim during the Case pursuant to an adequate protection arrangement or other agreement with the holder of the Claim.  The amount of each secured claim is also subject to change to the extent such is subject to 11 U.S.C. § 506.

Notwithstanding the above, the Claims against the Debtor and its Estate are classified and treated as follows:

**A.**  **Class 1 – Allowed Secured Claim of TowneBank**

- Allowed Secured Claim – Class 1 consists of the Allowed Secured Claim of TowneBank ("Towne"), which is Allowed in the amount of the Towne DIP Loan.

- Treatment – The Class 1 Secured Claim shall be treated in accordance with the terms of the Towne DIP Loan, and the Debtor shall continue to perform the obligations provided for therein.

- In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), TowneBank as holder of a Class 1 Claim shall retain its lien on the collateral securing its Claim.

- This Class is unimpaired, and the Claimant in Class 1 is deemed to have accepted the Plan under Section 1126 of the Bankruptcy Code.

**B.  Class 2 – Allowed Secured Claim of Fulton Bank, NA**

<u>Allowed Secured Claim</u> – Class 2 consists of the Allowed Secured Claim of Fulton Bank, N.A. ("Fulton"), which holds a lien against the Family Property that secures a "NOTE" dated February 21, 2013, obligating William Tyler Brown, the Debtor's deceased father, to pay certain sums to Fulton (the "Fulton Note").  Fulton's lien is based upon the Deed of Trust recorded in the Circuit Court for the City of Portsmouth on February 26, 2013, Instrument No. 130002365 (the "Fulton DOT").  Fulton Bank has not filed a Proof of Claim. The Class 2 Secured Claim shall be Allowed in the principal amount of $374,846.77, plus accrued interest due through the Confirmation Date.

- <u>Monthly Plan Payments for Principal and Post-Confirmation Interest</u> – Commencing on the first (1st) day of the month following the Effective Date, the Debtor shall satisfy the Class 2 Secured Claim making payments according to the terms of the Fulton Note, making the regular monthly principal and interest payments to Fulton in the amount of $1,882.56 on the first (1st) of each month through the maturity date of March 1, 2043. Interest will continue to accrue at the contract rate of 3.75% per annum.

- <u>Additional Plan Payments for Pre-Confirmation Accrued Interest, Legal Fees, and Reimbursement of Taxes and Insurance</u> – The value of the Family property is well in excess of the value of Fulton's Class 2 Claim. As such, the Debtor proposes to pay Fulton for all pre-petition and post-petition accrued  interest (collectively, "Pre-Confirmation Accrued Interest"). The Debtor also proposes to reimburse Fulton for any pre-confirmation real estate taxes paid and to pay Fulton's reasonable and necessary legal fees. The Debtor shall pay to Fulton the Pre-Confirmation Accrued Interest, Tax Reimbursements and Legal Fees by making sixty (60) equal monthly installments commencing on the 1st day of the monthly following the Effective Date.

- The Debtor and Fulton may reach an agreement whereby, subject to Court approval, the Debtor will commence payments to Fulton in a manner similar to those prescribed in this Plan, prior to confirmation and/or the Effective Date.

- In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), each holder of a Class 2 Claim shall retain its lien on the collateral securing its Claim.

- Consistent with the terms of the Fulton Note and the Fulton DOT, the Class 2 Secured Claim shall be and remain nonrecourse with regard to the Debtor.

- The Debtor agrees that, upon Fulton's request, the Debtor will make monthly escrow payments to Fulton for future real estate taxes and casualty insurance. Otherwise, the Debtor will continue to pay those obligations directly to the local taxing authority and the insurer (presently State Farm), respectively.

- This Class is unimpaired, and the Claimant in Class 2 is deemed to have accepted the Plan under Section 1126 of the Bankruptcy Code.

**C.  Class 3 – Allowed Secured Claim of Southern Bank & Trust Company**

- Allowed Secured Claim – Class 3 consists of the Allowed Secured Claim of Southern Bank and Trust Co. ("Southern").  In accordance with the terms and conditions of the Southern Consent Order, the Class 3 Secured Claim shall be Allowed in the principal amount of $69,845.55 and pre-petition amounts due in the amount of $781.51 (the "Pre-Petition Charges") and such reasonable fees, costs and charges as provided for under 11 U.S.C. § 506(b) and as such may arise under the Promissory Note dated June 5, 2013, Loan No. xxxxx002 (the "Post-Petition Charges"), less any post-petition interest payments made by the Debtor to Southern prior to the Effective Date pursuant to the Southern Consent Order (the "Southern Claim").

- Treatment – The Class 3 Secured Claim shall be treated in accordance with the Southern Consent Order, which provides that commencing on the fifteenth (15th) day of the month following entry of an order confirming a plan of reorganization proposed by the Debtor and continuing on the fifteenth (15th) day of each month thereafter until paid in full, Southern shall accept and the Debtor shall pay the Principal of the Southern Claim amortized over twenty (20) years subject to a fixed annual interest rate of five and one half percent (5.5%), which shall be paid in fifty-nine (59) regular payments of $480.46 per month and one irregular last payment in the sixtieth (60th) month equal to all remaining principal plus all Pre-Petition Charges, Post-Petition Charges, and other accrued interest and applicable fees, costs and charges, if any, not yet paid.

- In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), each holder of a Class 3 Claim shall retain its lien on the collateral securing its Claim.

- At any time after confirmation of this Plan, the Debtor may elect to pay the Class 3 Claim in full without penalty upon payment of the outstanding balance thereof.

- This Class is impaired, and all Claimants of this Class are entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.  In accordance with the Southern Consent Order, and subject to the requirements of 11 U.S.C. §§ 1121 – 1129, Southern has agreed to accept the foregoing treatment, and Southern shall vote its ballot relative to its Class 3 Secured Claim in favor hereof.

**D.  Classes 4, 5, 6, 7, 8, 9 & 10 – Allowed Priority/Secured Claims of Treasurer, City of Chesapeake**

- Allowed Priority/Secured Claims – Classes 4, 5, 6, 7, 8, 9 and 10 consist of the Allowed Secured Claims of the City of Chesapeake ("Chesapeake") as follows:

10

o <u>Class 4</u> – Class 4 consists of the Allowed Secured Claim of Chesapeake, which holds a lien against the Rental Property located at 2704 Janice Lynn Court, Chesapeake, Virginia for pre-petition stormwater management fees and/or real estate taxes associated with the foregoing Rental Property.  The Class 4 Secured Claim shall be Allowed in the amount identified in Proof of Claim No. 5 with regard to the foregoing Rental Property.

o <u>Class 5</u> – Class 5 consists of the Allowed Secured Claim of Chesapeake, which holds a lien against the Rental Property located at 2706 Janice Lynn Court, Chesapeake, Virginia for pre-petition stormwater management fees and/or real estate taxes associated with the foregoing Rental Property.  The Class 5 Secured Claim shall be Allowed in the amount identified in Proof of Claim No. 5 with regard to the foregoing Rental Property.

o <u>Class 6</u> – Class 6 consists of the Allowed Secured Claim of Chesapeake, which holds a lien against the Rental Property located at 2708 Janice Lynn Court, Chesapeake, Virginia for pre-petition stormwater management fees and/or real estate taxes associated with the foregoing Rental Property.  The Class 6 Secured Claim shall be Allowed in the amount identified in Proof of Claim No. 5 with regard to the foregoing Rental Property.

o <u>Class 7</u> – Class 7 consists of the Allowed Secured Claim of Chesapeake, which holds a lien against the Rental Property located at 2709 Janice Lynn Court, Chesapeake, Virginia for pre-petition stormwater management fees and/or real estate taxes associated with the foregoing Rental Property.  The Class 7 Secured Claim shall be Allowed in the amount identified in Proof of Claim No. 5 with regard to the foregoing Rental Property.

o <u>Class 8</u> – Class 8 consists of the Allowed Secured Claim of Chesapeake, which holds a lien against the Rental Property located at 2710 Janice Lynn Court, Chesapeake, Virginia for pre-petition stormwater management fees and/or real estate taxes associated with the foregoing Rental Property.  The Class 8 Secured Claim shall be Allowed in the amount identified in Proof of Claim No. 5 with regard to the foregoing Rental Property.

o <u>Class 9</u> – Class 9 consists of the Allowed Secured Claim of Chesapeake, which holds a lien against the Rental Property located at 2712 Janice Lynn Court, Chesapeake, Virginia for pre-petition stormwater management fees and/or real estate taxes associated with the foregoing Rental Property.  The Class 9 Secured Claim shall be Allowed in the amount identified in Proof of Claim No. 5 with regard to the foregoing Rental Property.

o <u>Class 10</u> – Class 10 consists of the Allowed Secured Claim of Chesapeake, which holds a lien against the Rental Property located at 2716 Janice Lynn Court, Chesapeake, Virginia for pre-petition stormwater management fees

and/or real estate taxes associated with the foregoing Rental Property. The Class 10 Secured Claim shall be Allowed in the amount identified in Proof of Claim No. 5 with regard to the foregoing Rental Property.

- Treatment – The Debtor shall satisfy the Claims Allowed under Classes 4, 5, 6, 7, 8, 9 and 10 by paying such Claims in full within ten (10) days after Effective Date from the DIP Account.

- In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), each holder of a Claim Allowed under Classes 4, 5, 6, 7, 8, 9 and 10 shall retain its lien on the collateral securing its Allowed Claim.

- At any time after confirmation of this Plan, the Debtor may elect to pay any one or all of the Claims Allowed under Classes 4, 5, 6, 7, 8, 9 or 10 in full without penalty upon payment of the outstanding balance of such Allowed Secured Claim or Claims.

- The Claims Allowed under Classes 4, 5, 6, 7, 8, 9 and 10 are impaired, and all Claimants of these Classes are entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

**E. Classes 11 & 12 – Allowed Priority/Secured Claims of Treasurer, City of Portsmouth**

- Allowed Secured Claims – Classes 11 and 12 consist of the Allowed Priority/Secured Claims of the City of Portsmouth ("Portsmouth") as follows:

  o Class 11 – Class 11 consists of the Allowed Secured Claim of Portsmouth, which holds a lien against the Rental Property located at 550 Chautauqua Avenue, Portsmouth, Virginia for pre-petition stormwater management fees and/or real estate taxes associated with the foregoing Rental Property.

  o Class 12 – Class 12 consists of the Allowed Secured Claim of Portsmouth, which holds a lien against certain personal property of the Debtor pre-petition personal property taxes.

- Treatment – Within ten (10) days of the Effective Date, the Debtor shall satisfy the Claims Allowed under Classes 11 and 12 by paying such Claims in full from the DIP Acccount.

- In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), each holder of a Claim Allowed under Classes 11 and 12 shall retain its lien on the collateral securing its Allowed Claim.

12

- At any time after confirmation of this Plan, the Debtor may elect to pay any one or all of the Claims Allowed under Classes 11 and 12 in full without penalty upon payment of the outstanding balance of such Allowed Claim or Claims.

- The Claims Allowed under Classes 11 and 12 are impaired, and all Claimants of these Classes are entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

**F. Classes 13 and 14 – Allowed Secured Claims of Branch Banking and Trust Company**

- Allowed Secured Claims – Classes 13 and 14 consist of the Allowed Secured Claims of Branch Banking and Trust Company ("BB&T") as follows:

  o Class 13 – Class 13 consists of the Allowed Secured Claim of BB&T, which holds a lien against the Rental Property located at 2716 Janice Lynn Court, Chesapeake, Virginia. The Class 13 Secured Claim shall be Allowed in the amount of Proof of Claim No. 3 or as otherwise determined pursuant to 11 U.S.C. §§ 506, 1129 or the terms of this Plan and any Confirmation Order. To the extent the amount of the Allowed Claim secured by the foregoing Rental Property exceeds the value of the same, the amount of the Claim in excess of such value shall be Allowed as an Undersecured Claim classified and treated under Class 22.

  o Class 14 – Class 14 consists of the Allowed Secured Claim of BB&T, which holds a lien against the Rental Property located at 2704 Janice Lynn Court, Chesapeake, Virginia. The Class 14 Secured Claim shall be Allowed in the amount of Proof of Claim No 4. or as otherwise determined pursuant to 11 U.S.C. §§ 506, 1129 or the terms of this Plan and any Confirmation Order. To the extent the amount of the Allowed Claim secured by the foregoing Rental Property exceeds the value of the same, the amount of the Claim in excess of such value shall be Allowed as an Undersecured Claim classified and treated under Class 22.

- Treatment – Commencing on the tenth (10th) day of the month following the Effective Date, and continuing on the tenth (10th) day of each month thereafter, the Debtor shall satisfy each of the Class 13 and 14 Allowed Secured Claims in full by paying to BB&T the total amount of each of the Class 13 and 14 Allowed Secured Claims amortized over thirty (30) years in three hundred and sixty (360) consecutive and equal monthly cash payments of principal and interest subject to an annual interest rate of five and a quarter percent (5.25%).

- In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), each holder of a Claim Allowed under Classes 13 and 14 shall retain its lien on the collateral securing its Allowed Claim.

13

- The Claims Allowed under Classes 13 and 14 shall be and remain nonrecourse with regard to the Debtor.

- At any time after confirmation of this Plan, the Debtor may elect to pay any one or all of the Claims Allowed under Classes 13 or 14 in full without penalty upon payment of the outstanding balance of such Allowed Claim or Claims.

- Upon satisfaction of all payments due under the Plan to any one or all of the Claims Allowed under Classes 13 or 14, the holder of such Claim shall release its lien on the collateral associated therewith.

- The Claims Allowed under Classes 13 and 14 are impaired, and all Claimants of these Classes are entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

**G.  Classes 15, 16, 17 and 18 – Allowed Secured Claims of New Residential Mortgage Loan Trust 2016-3**

- Allowed Secured Claim – Classes 15, 16, 17 and 18 consist of the Allowed Secured Claims of New Residential Mortgage Loan Trust 2016-3 ("New Residential") as follows:

  o Class 15 – Class 15 consists of the Allowed Secured Claim of BB&T, which holds a lien against the Rental Property located at 2706 Janice Lynn Court, Chesapeake, Virginia.  The Class 15 Secured Claim shall be Allowed in the amount of Proof of Claim No. 19 or as otherwise determined pursuant to 11 U.S.C. §§ 506, 1129 or the terms of this Plan and any Confirmation Order.  To the extent the amount of the Allowed Claim secured by the foregoing Rental Property exceeds the value of the same, the amount of the Claim in excess of such value shall be Allowed as an Undersecured Claim classified and treated under Class 22.

  o Class 16 – Class 16 consists of the Allowed Secured Claim of BB&T, which holds a lien against the Rental Property located at 2708 Janice Lynn Court, Chesapeake, Virginia.  The Class 16 Secured Claim shall be Allowed in the amount of Proof of Claim No. 16 or as otherwise determined pursuant to 11 U.S.C. §§ 506, 1129 or the terms of this Plan and any Confirmation Order.  To the extent the amount of the Allowed Claim secured by the foregoing Rental Property exceeds the value of the same, the amount of the Claim in excess of such value shall be Allowed as an Undersecured Claim classified and treated under Class 22.

14

- o <u>Class 17</u> – Class 17 consists of the Allowed Secured Claim of BB&T, which holds a lien against the Rental Property located at 2710 Janice Lynn Court, Chesapeake, Virginia.  The Class 17 Secured Claim shall be Allowed in the amount of Proof of Claim No. 15 or as otherwise determined pursuant to 11 U.S.C. §§ 506, 1129 or the terms of this Plan and any Confirmation Order.  To the extent the amount of the Allowed Claim secured by the foregoing Rental Property exceeds the value of the same, the amount of the Claim in excess of such value shall be Allowed as an Undersecured Claim classified and treated under Class 22.

- o <u>Class 18</u> – Class 18 consists of the Allowed Secured Claim of BB&T, which holds a lien against the Rental Property located at 2712 Janice Lynn Court, Chesapeake, Virginia.  The Class 18 Secured Claim shall be Allowed in the amount of Proof of Claim No. 18 or as otherwise determined pursuant to 11 U.S.C. §§ 506, 1129 or the terms of this Plan and any Confirmation Order.  To the extent the amount of the Allowed Claim secured by the foregoing Rental Property exceeds the value of the same, the amount of the Claim in excess of such value shall be Allowed as an Undersecured Claim classified and treated under Class 22.

- <u>Treatment</u> – Commencing on the tenth (10th) day of the month following the Effective Date, and continuing on the tenth (10th) day of each month thereafter, the Debtor shall satisfy each of the Class 15, 16, 17 and 18 Allowed Secured Claims in full by paying to New Residential the total amount of each of the Class 18, 19, 20 and 21 Allowed Secured Claims amortized over thirty (30) years in three hundred and sixty (360) consecutive and equal monthly cash payments of principal and interest subject to an annual interest rate of five and a quarter percent (5.25%).

- In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), each holder of a Claim Allowed under Classes 15, 16, 17 and 18 shall retain its lien on the collateral securing its Allowed Claim.

- The Claims Allowed under Classes 15, 16, 17 and 18 shall be and remain nonrecourse with regard to the Debtor.

- At any time after confirmation of this Plan, the Debtor may elect to pay any one or all of the Claims Allowed under Classes 15, 16, 17 and 18 in full without penalty upon payment of the outstanding balance of such Allowed Claim or Claims.

- Upon satisfaction of all payments due under the Plan to any one or all of the Claims Allowed under Classes 15, 16, 17 and 18, the holder of such Claim shall release its lien on the collateral associated therewith.

- The Claims Allowed under Classes 15, 16, 17 and 18 are impaired, and all Claimants of these Classes are entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

**H.  Class 19 – Allowed Secured Claim of JPMorgan Chase Bank, N.A.**

- Allowed Secured Claim – Class 19 consists of the Allowed Secured Claim of JPMorgan Chase Bank, N.A. ("JPMorgan"), which holds a lien against the Rental Property located 2709 Janice Lynn Court, Portsmouth, Virginia.  The Class 19 Secured Claim shall be Allowed in the amount of Proof of Claim No. 17 or as otherwise determined pursuant to 11 U.S.C. §§ 506, 1129 or the terms of this Plan and any Confirmation Order.  To the extent the amount of this Allowed Claim secured by the foregoing Rental Property exceeds the value of the same, the amount of the Claim in excess of such value shall be Allowed as an Undersecured Claim classified and treated under Class 22.

- Treatment – Commencing on the tenth (10th) day of the month following the Effective Date, and continuing on the tenth (10th) day of each month thereafter, the Debtor shall satisfy the Class 19 Allowed Secured Claim in full by paying to JPMorgan the total amount of the Class 19 Allowed Secured Claim amortized over thirty (30) years in three hundred and sixty (360) consecutive and equal monthly cash payments of principal and interest subject to an annual interest rate of five and a quarter percent (5.25%).

- In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), each holder of a Claim Allowed under Class 19 shall retain its lien on the collateral securing its Allowed Claim.

- The Claim Allowed under Class 19 shall be and remain nonrecourse with regard to the Debtor.

- At any time after confirmation of this Plan, the Debtor may elect to pay the Claim Allowed under Class 19 in full without penalty upon payment of the outstanding balance of such Allowed Claim.

- Upon satisfaction of all payments due under the Plan to the Claim Allowed under Class 19, the holder of such Claim shall release its lien on the collateral associated therewith.

- The Claim Allowed under Class 19 is impaired, and all Claimants of this Class are entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

**I.**  **Class 20 – Allowed Secured Claim of Wells Fargo Bank, N.A.**

- <u>Allowed Secured Claim</u> – Class 20 consists of the Allowed Secured Claim of Wells Fargo Bank, N.A. ("Wells Fargo"), which holds a lien against the Rental Property located 723 South Street, Portsmouth, Virginia.  The Class 20 Secured Claim shall be Allowed in the amount of Proof of Claim No. 8 or as otherwise determined pursuant to 11 U.S.C. §§ 506, 1129 or the terms of this Plan and any Confirmation Order.  To the extent the amount of this Allowed Claim secured by the foregoing Rental Property exceeds the value of the same, the amount of the Claim in excess of such value shall be Allowed as an Undersecured Claim classified and treated under Class 22

- <u>Treatment</u> – Commencing on the tenth (10th) day of the month following the Effective Date, and continuing on the tenth (10th) day of each month thereafter, the Debtor shall satisfy the Class 20 Allowed Secured Claim in full by paying to Wells Fargo the total amount of the Class 20 Claim amortized over thirty (30) years in three hundred and sixty (360) consecutive and equal monthly cash payments of principal and interest subject to an annual interest rate of five and a quarter percent (5.25%).

- In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), each holder of a Claim Allowed under Class 20 shall retain its lien on the collateral securing its Allowed Claim.

- The Claim Allowed under Class 20 shall be and remain nonrecourse with regard to the Debtor.

- At any time after confirmation of this Plan, the Debtor may elect to pay the Claim Allowed under Class 20 in full without penalty upon payment of the outstanding balance of such Allowed Claim.

- Upon satisfaction of all payments due under the Plan to the Claim Allowed under Class 20, the holder of such Claim shall release its lien on the collateral associated therewith.

- The Claim Allowed under Class 20 is impaired, and all Claimants of this Class are entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

**J.**  **Class 21 - Allowed Secured Claim of The Bank of New York Mellon, Trustee**

- <u>Allowed Secured Claim</u> – Class 21 consists of the Allowed Secured Claim of The Bank of New York Mellon, Trustee ("BNYM"), which holds a lien against the Rental Property located 6456 Duquesne Place, Virginia Beach, Virginia.  The Class 21 Secured Claim shall be Allowed in the amount of Proof of Claim No. 14 or as

otherwise determined pursuant to 11 U.S.C. §§ 506, 1129 or the terms of this Plan and any Confirmation Order.  To the extent the amount of this Allowed Claim secured by the foregoing Rental Property exceeds the value of the same, the amount of the Claim in excess of such value shall be Allowed as an Undersecured Claim classified and treated under Class 22.

- Treatment – Commencing on the tenth (10th) day of the month following the Effective Date, and continuing on the tenth (10th) day of each month thereafter, the Debtor shall satisfy the Class 21 Allowed Secured Claim in full by paying to BNYM the total amount of the Class 21 Allowed Secured Claim amortized over thirty (30) years in three hundred and sixty (360) consecutive and equal monthly cash payments of principal and interest subject to an annual interest rate of five and a quarter percent (5.25%).

- In accordance with 11 U.S.C. § 1129(b)(2)(A)(i)(I), each holder of a Claim Allowed under Class 21 shall retain its lien on the collateral securing its Allowed Claim.

- The Claim Allowed under Class 21 shall be and remain nonrecourse with regard to the Debtor.

- At any time after confirmation of this Plan, the Debtor may elect to pay the Claim Allowed under Class 21 in full without penalty upon payment of the outstanding balance of such Allowed Claim.

- Upon satisfaction of all payments due under the Plan to the Claim Allowed under Class 21, the holder of such Claim shall release its lien on the collateral associated therewith.

- The Claim Allowed under Class 21 is impaired, and all Claimants of this Class are entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

**K.  Class 22 – Allowed Unsecured Claims**

- Allowed Unsecured Claims – Class 22 consists of all Allowed Unsecured Claims and Allowed Undersecured Claims.

- Treatment – The Debtor will pay Class 22 Claims through monthly installments commencing after satisfaction of the Priority Tax Claim of the Internal Revenue Service (IRS).  The Debtor anticipates that the initial aggregate payments will be $521 in Month 11 and $779 per month from Month 12 thru Month 60. At any time after the after satisfaction of the Priority Tax Claim of the Internal Revenue Service (IRS), the Debtor may elect to pay any Claim Allowed under Class 22 in full without penalty upon payment of the outstanding balance of such Claim.

18

- This Class is impaired, and all Claimants of this Class are entitled to vote to accept or reject the Plan under Section 1126 of the Bankruptcy Code.

## VI.  <u>AMOUNT OF ALLOWED SECURED CLAIMS</u>

Following entry of the Confirmation Order and prior to the Effective Date, unless otherwise agreed to by the Debtor and the Claimant, Claimants that hold an Allowed Secured Claim or Claims in any of Classes 13, 14, 15, 16, 17, 18, 19, 20 or 21 shall file or amend as necessary their respective Proofs of Claim in this matter to state the amount or amounts of such Allowed Secured Claim or Claims as of the date of entry of the Confirmation Order, inclusive of all amounts allowable under 11 U.S.C. § 506(b).  Should any such Claimant fail to amend its respective Proofs of Claim in accordance herewith by the Effective Date, the Court may, after notice and hearing, determine the amount of such Allowed Secured Claim or Claims as of the date of entry of the Confirmation Order, which determination shall be conclusive, binding and final as to the amount of such Allowed Secured Claim or Claims.

## VII.  <u>ALLOWANCE AND DISALLOWANCE OF CLAIMS</u>

A. <u>Objections to Claims</u>.  The Debtor has begun the process of evaluating the validity and amount claimed in the filed proofs of claim and will file any objections to such claims not later than 60 days after Confirmation.

B. <u>Allowance of Claims for Purposes of Voting</u>.  Unless otherwise objected to prior to Confirmation by any party in interest, the holder of any Claim for which a proof of claim (1) has been filed before the deadline set by the Bankruptcy Court for voting on the Plan, or (2) has been deemed filed pursuant to Section 1111(a) of the Code shall be Allowed only for purposes of voting to accept or reject the Plan.  The absence of any objection to or examination of any Claim for the purposes of voting, shall not be deemed to be a waiver of the Debtor's rights to object to, or re-examine, the Claim in whole or in part for purposes of payment under the Plan.

C. <u>Delay of Distribution on Disputed Claim</u>.  No distribution will be made on account of any Claim that has not been Allowed.

D. <u>Settlement of Disputed Claim</u>.  The Debtor has the power and authority to settle and compromise a Disputed Claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## VIII.  DISCHARGE AND EFFECT OF CONFIRMATION

### A.  Effect of Confirmation:

Except as otherwise expressly provided in this Plan or the Confirmation Order, Confirmation of the Plan shall, in addition to the effects prescribed by Bankruptcy Code § 1141, bind the Debtor and all holders of Claims and interests, whether they filed a proof of claim, whether they accept this Plan, and whether the claim or interest of such holder is impaired or Allowed under the Plan. Absent leave of this Court and except as provided in the Plan, all creditors and parties in interest are enjoined from instituting any act to collect any Pre-Petition obligations of the Debtor.

### B.  Discharge

Confirmation of the Plan shall, in addition to the effects prescribed by Bankruptcy Code § 1141. The Debtor's Discharge shall be granted only upon Court approval in accordance with § 1141(d)(5). Such Discharge, if granted by the Court shall discharge all of the debts, claims, liens, and any other interest in or against the Debtor, his assets, properties and Estate Property with respect to debts, claims, liens and interests, whether known or unknown, direct or indirect, that any debtor or any creditor or interest holder of the Debtor, ever had, now have or hereafter can, shall or may have, or succeed to, arising from, relating to, or in connection with, whether directly or indirectly, the Case and the provisions of this Plan, that arose at any time prior to the Effective Date of the Plan.

Except as provided herein, as to every discharged claim and interest, any holder of such claim or interest shall be precluded from asserting against the Debtor, either before or after reorganization, or against its assets, properties, or Estate Property, any other or further Claim or interest based upon any document, instrument, act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date.

In accordance with the Bankruptcy Code, the discharge provided by Sections 524 and 1141, inter alia, acts as an injunction against the commencement or continuation of any action, employment of process or act to collect, offset, enforce or recover the claims discharged hereby, or continue any action or proceeding to foreclose or otherwise enforce any lien, claim, encumbrance, mortgage, security agreement, deed of trust, assignment or other instrument, the obligation or claim for which, has been discharged and provided for in the Plan, the Confirmation Order and the Discharge Order.

### C.  General Provisions

#### 1.  *Effectuating Documents and Further Transactions:*

The Debtor shall be authorized to execute, deliver, file or record such stipulations, contracts, instruments, releases and other agreements or documents and take such actions on

behalf of the Debtor as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

### 2. *Exemption from Transfer Taxes:*

Pursuant to Section 1146(c) of the Bankruptcy Code, the delivery of any deed or other instrument of transfer, under, in furtherance of, or in connection with this Plan, including any deeds, bills of sale or assignments executed in connection with the disposition of assets, shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax.

### 3. *Permanent Injunction:*

As of the Effective Date and except as otherwise provided by this Plan, all entities that have held, currently hold or may hold any Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities that are released pursuant to the Plan will be permanently enjoined from taking any of the following actions against the Debtor or the Estate, or its respective property on account of such released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities: (i) commencing or continuing in any manner any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff or right of subrogation of any kind against any debt, liability or obligation due to any released entity; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is otherwise inconsistent with the provisions of the Plan.

### 4. *Modification of Plan:*

The Debtor reserves the right, in accordance with the Bankruptcy Code and Rules, to amend or modify this Plan at any time prior to the entry of the Confirmation Order. After the entry of the Confirmation Order, the Debtor may amend or modify this Plan, in accordance with Bankruptcy Code § 1127, or remedy any defect or omission or reconcile any inconsistency in this Plan in such manner as may be necessary to carry out the purpose and intent of this Plan. A holder of an Allowed Claim or equity interest that is deemed to have accepted this Plan shall be deemed to have accepted this Plan as modified if the proposed modification does not materially and adversely change the treatment of the Claim or equity interest of such holder.

### 5. *Unclaimed Cash:*

Distributions to Claimants entitled hereto will be sent to the last known address set forth on a proof of claim filed with the Court, in the Schedules and Statement of Financial Affairs previously filed with the Court, or as such Claimant may advise the Debtor or its counsel pursuant to the notice provisions of this Plan.  The Debtor will extend reasonable efforts to secure alternative addresses for Claimants that fail to claim cash when distributed.  Except as otherwise provided herein, in the event any Claimant fails to claim any cash within one hundred and twenty (120) days from the date such cash is distributed, such payments shall revert to the Debtor.

**6.** *Withdrawal or Revocation:*

The Debtor may withdraw or revoke this Plan at any time prior to Confirmation.  If the Debtor revokes or withdraws this Plan prior to Confirmation, or if this Plan is not Confirmed, then this Plan shall be deemed null and void.

**7.** *Courts of Competent Jurisdiction:*

If the Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of this Plan, such abstention, refusal or failure of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

**8.** *Severability:*

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

**9.** *Binding Effect.*

The rights and obligations of any entity named or referred to in the Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**10.** *Governing Law:*

Except to the extent the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations under this Plan shall be governed by, and construed and enforced in accordance with, the laws of the Commonwealth of Virginia, without giving effect to the principles of conflicts of law thereof.

**11.** *Conflicting Provisions:*

To the extent that the provisions of the Disclosure Statement are inconsistent with this Plan, the provisions of this Plan shall govern.

**12.** *Headings:*

Headings are used in this Plan for convenience and reference only, and shall not constitute a part of this Plan for any other purpose.

**D.  Event of Default & Default Remedies**

<u>Event of Default</u>:  The occurrence of any of the following shall constitute an Event of Default under the Plan:

    a)    The failure of the Debtor to make any payment or distribution when due under the Plan, which failure shall continue for a period of thirty (30) days or more after receipt by the Debtor of written notice from a creditor or the U.S. Trustee regarding the default.

    b)    The failure of the Debtor to comply with any of the covenants contained in the Plan, which failure remains uncured for a period of thirty (30) days or more after receipt by the Debtor of written notice from a creditor or the U.S. Trustee regarding the default.

<u>Default Remedies</u>:  Upon the occurrence of an Event of Default under the Plan, which is not excused, postponed, modified or waived by Order of the Court or by the written agreement of the applicable creditor, and, which has not been cured within any applicable time period, the creditor shall be entitled to utilize its federal or state law remedies to collect such debt, including, but not limited to, foreclosure upon its collateral.

**E.  Jurisdiction of the Court**

The Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes of Bankruptcy Code § 1127(b) of the Code and for the following purposes:

    a)    Classification of the claim of any creditor and the re-examination of claims, which have been allowed for purposes of voting, and the determination of such objections as may be filed to such claims.  The failure by the Debtor to object to, or to examine any claim for the purposes of voting, shall not be deemed to be a waiver of the Debtor's right to object to, or re-examine the claim in whole or in part.

    b)    Determine any and all applications for compensation and reimbursement of expenses pursuant to Bankruptcy Code § 330.

    c)    Modify the Plan or correct any defect, cure any omission, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan to the extent authorized by the Bankruptcy Code and Rules.

d)   Determine any and all applications, adversary proceedings, and contested or litigated matters pending on Confirmation or arising in or related to the Debtor's reorganization proceeding.

e)   Determine matters concerning state, local and federal taxes pursuant to Bankruptcy Code §§ 106, 505, 1141 and 1146.

f)   Determine the validity, priority, enforceability and extent of all liens, encumbrances, mortgages, security agreements, deeds of trust, assignments and other charges and levies that are, or become liens or encumbrances on assets or Estate Property prior to Confirmation.

g)   Resolve controversies and disputes regarding the interpretation of the Plan.

h)   Implement the provisions of the Plan and enter any orders in aid of Confirmation and consummation of the Plan including, without limitation, orders to protect the Debtor and assets and Estate Property from actions by creditors or interest holders of the Debtor.

i)   Enforce the rights of the Debtor under the Plan.

j)   For such other matters as may be set forth in the Confirmation Order.

## IX.  NOTICES

Any notice required by the Plan, or given by any creditor or party in interest concerning the Plan, shall be mailed by certified mail to the Debtor and by regular mail to counsel for the Debtor at the following address:

> Joseph T. Liberatore, Esq.
> Crowley, Liberatore, Ryan & Brogan, P.C.
> 150 Boush Street, Suite 300
> Norfolk, VA 23510

A copy of any notice required by the Plan, or given by any creditor or party in interest concerning the Plan, shall be also mailed by first class mail to:

> Office of the United States Trustee
> United States Federal Building, Room 625
> 200 Granby Street
> Norfolk, Virginia 23510

## X. **CONCLUSION**

The Plan represents the Debtor's best efforts to commit all of his resources toward paying all secured and unsecured claims in full.  It also represents the Debtor's earnest efforts to reorganize and to preserve the significant equity in the real property that he inherited from his parents. The Plan complies with all applicable provisions of Chapter 11 of Title 11 of the United States Code.  It is proposed in good faith, is not prohibited by law, and is in the best interests of all creditors.

DATE:  April 18, 2018                    WILLIAM TYLER BROWN, JR.,

                                         By:____/s/_____Joseph T. Liberatore_____
                                                 Of Counsel


Joseph T. Liberatore, VSB No. 32302
Crowley, Liberatore, Ryan & Brogan, P.C.
150 Boush Street, Suite 300
Norfolk, VA 23510
Telephone: (757) 333-4500
Facsimile: (757) 333-4501
Email: jliberatore@clrbfirm.com
*Counsel for William Tyler Brown, Jr.*

# Exhibit 1 – Chapter 11 Plan Budget

**William Tyler Brown, Jr.**
**Disclosure Statement**

**Plan Budget Projections**

| | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 | Year 1 Total | Year 2 | Year 3 | Year 4 | Year 5 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Gross Income** | | | | | | | | | | | | | | | | | |
| Rental Income ($11,500 +$1,150 (2710 Janice Lynn) + $600 (Chautauqua) | $ 13,250 | $ 13,250 | $ 13,250 | $ 13,250 | $ 13,250 | $ 13,250 | $ 13,250 | $ 13,250 | $ 13,250 | 13,250 | 13,250 | 13,250 | $ 159,000 | 162,180 | $ 165,424 | $ 168,732 | $ 172,107 |
| Contractor Income | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | 3,000 | 3,000 | 3,000 | $ 36,000 | 36,000 | $ 36,000 | $ 36,000 | $ 36,000 |
| **Total Income** | 16,250 | 16,250 | 16,250 | 16,250 | 16,250 | 16,250 | 16,250 | 16,250 | 16,250 | 16,250 | 16,250 | 16,250 | $ 195,000 | 198,180 | $ 201,424 | $ 204,732 | $ 208,107 |
| | | | | | | | | | | | | | | | | | |
| **Expenses** | | | | | | | | | | | | | | | | | |
| **Operating Expenses - Rental Properties** | | | | | | | | | | | | | | | | | |
| Repair & Maintenance | $ (880) | $ (880) | $ (880) | $ (880) | $ (880) | $ (880) | $ (880) | $ (880) | $ (880) | (880) | (880) | (880) | $ (10,555) | $ (10,766) | $ (10,981) | $ (11,201) | $ (11,425) |
| Taxes (calculated monthly) | $ (926) | $ (926) | $ (926) | $ (926) | $ (926) | $ (926) | $ (926) | $ (926) | $ (926) | (926) | (926) | (926) | $ (11,116) | $ (11,227) | $ (11,452) | $ (11,681) | $ (11,914) |
| Insurance (calculated monthly) | $ (1,387) | $ (1,387) | $ (1,387) | $ (1,387) | $ (1,387) | $ (1,387) | $ (1,387) | $ (1,387) | $ (1,387) | (1,387) | (1,387) | (1,387) | $ (16,648) | $ (16,981) | $ (17,320) | $ (17,667) | $ (18,020) |
| Utilities | $ (500) | $ (500) | $ (500) | $ (500) | $ (500) | $ (500) | $ (500) | $ (500) | $ (500) | (500) | (500) | (500) | $ (6,000) | $ (6,120) | $ (6,242) | $ (6,367) | $ (6,495) |
| Other | $ (100) | $ (100) | $ (100) | $ (100) | $ (100) | $ (100) | $ (100) | $ (100) | $ (100) | (100) | (100) | (100) | $ (1,200) | $ (1,224) | $ (1,248) | $ (1,273) | $ (1,299) |
| | | | | | | | | | | | | | | | | | |
| Operating Expenses - Contractor Work | $ (200.00) | $ (200.00) | $ (200.00) | $ (200.00) | $ (200.00) | $ (200.00) | $ (200.00) | $ (200.00) | $ (200.00) | (200.00) | (200.00) | (200.00) | $ (2,400) | $ (2,400) | $ (2,400) | $ (2,400) | $ (2,400) |
| | | | | | | | | | | | | | | | | | |
| **Household Expenses** | | | | | | | | | | | | | | | | | |
| Auto - Insurance | $ (117) | $ (117) | $ (117) | $ (117) | $ (117) | $ (117) | $ (117) | $ (117) | $ (117) | (117) | (117) | (117) | $ (1,404) | $ (1,418) | $ (1,432) | $ (1,447) | $ (1,461) |
| Auto - Other | $ (600) | $ (600) | $ (600) | $ (600) | $ (600) | $ (600) | $ (600) | $ (600) | $ (600) | (600) | (600) | (600) | $ (7,200) | $ (7,344) | $ (7,491) | $ (7,641) | $ (7,794) |
| Housing - Insurance (Fulton Bank may request escrow) | $ (181) | $ (181) | $ (181) | $ (181) | $ (181) | $ (181) | $ (181) | $ (181) | $ (181) | (181) | (181) | (181) | $ (2,175) | $ (2,197) | $ (2,219) | $ (2,241) | $ (2,263) |
| Housing - Taxes (Fulton Bank may request escrow) | $ (604) | $ (604) | $ (604) | $ (604) | $ (604) | $ (604) | $ (604) | $ (604) | $ (604) | (604) | (604) | (604) | $ (7,253) | $ (7,326) | $ (7,399) | $ (7,473) | $ (7,548) |
| Housing - Maintenance & Repair | $ (100) | $ (100) | $ (100) | $ (100) | $ (100) | $ (100) | $ (100) | $ (100) | $ (100) | (100) | (100) | (100) | $ (1,200) | $ (1,212) | $ (1,224) | $ (1,236) | $ (1,249) |
| Housing - Utilities | $ (778) | $ (778) | $ (778) | $ (778) | $ (778) | $ (778) | $ (778) | $ (778) | $ (778) | (778) | (778) | (778) | $ (9,336) | $ (9,429) | $ (9,524) | $ (9,619) | $ (9,715) |
| Personal Living Expenses | $ (450) | $ (450) | $ (450) | $ (450) | $ (450) | $ (450) | $ (450) | $ (450) | $ (450) | (450) | (450) | (450) | $ (5,400) | $ (5,508) | $ (5,618) | $ (5,731) | $ (5,845) |
| Medical | $ (150) | $ (150) | $ (150) | $ (150) | $ (150) | $ (150) | $ (150) | $ (150) | $ (150) | (150) | (150) | (150) | $ (1,800) | $ (1,836) | $ (1,873) | $ (1,910) | $ (1,948) |
| Taxes | $ (250) | $ (250) | $ (250) | $ (250) | $ (250) | $ (250) | $ (250) | $ (250) | $ (250) | (250) | (250) | (250) | $ (3,000) | $ (3,030) | $ (3,060) | $ (3,091) | $ (3,122) |
| Other | $ (200) | $ (200) | $ (200) | $ (200) | $ (200) | $ (200) | $ (200) | $ (200) | $ (200) | (200) | (200) | (200) | $ (2,400) | $ (2,424) | $ (2,448) | $ (2,473) | $ (2,497) |
| **Total Expenses** | $ (7,424) | $ (7,424) | $ (7,424) | $ (7,424) | $ (7,424) | $ (7,424) | $ (7,424) | $ (7,424) | $ (7,424) | (7,424) | (7,424) | (7,424) | $ (89,086) | $ (90,441) | $ (91,932) | $ (93,449) | $ (94,994) |
| | | | | | | | | | | | | | | | | | |
| **Projected Available for Plan Payments** | $ 8,826 | $ 8,826 | $ 8,826 | $ 8,826 | $ 8,826 | $ 8,826 | $ 8,826 | $ 8,826 | $ 8,826 | 8,826 | 8,826 | 8,826 | $ 105,914 | $ 107,739 | $ 109,492 | $ 111,283 | $ 113,112 |

* DIP Accts = $30K - Plan proposes to utilize funds, as follows, if Court Approves:
$10,000 for CLRB Adminstrive Expense, to the extent approved by Court
$12,000 (Maximum) for HVAC/repairs to 6456 Duquesne Place
$2,519.06 to Satisfy Priority Tax Claims (Classes 4 thru 12)
** To  bolster feasibility -> Once Duquesne Place repairs completed, Debtor projects $1,400 per month in additional rent revenue.

**Cash Flow & Plan Payment Projection**

| | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 | Year 1 Total | Year 2 | Year 3 | Year 4 | Year 5 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Plan Payments** | | | | | | | | | | | | | | | | | |
| Admin CLRB-$10k from DIP- $250/mo-additional only if excess after other Plan pmts | $ (250) | $ (250) | $ (250) | $ (250) | $ (250) | $ (250) | $ (250) | $ (250) | $ (250) | (250) | (250) | (250) | $ (3,000) | (3,000) | $ (3,000) | $ (3,000) | $ (3,000) |
| Priority: IRS | $ (779) | $ (779) | $ (779) | $ (779) | $ (779) | $ (779) | $ (779) | $ (779) | $ (779) | (779) | (779) | (258.00) | $ (8,045) | $ - | $ - | $ - | $ - |
| Priority: Virginia Dept of Taxation (Paid from DIP) | | | | | | | | | | | | | $ - | $ - | $ - | $ - | $ - |
| Class 1: TowneBank | $ (2,029) | $ (2,029) | $ (2,029) | $ (2,029) | $ (2,029) | $ (2,029) | $ (2,029) | $ (2,029) | $ (2,029) | (2,029) | (2,029) | (2,029) | $ (24,349) | (24,349) | $ (24,349) | $ (24,349) | $ (24,349) |
| Class 2: Fulton (Monthly P&I Payment Per Contract) | $ (1,883) | $ (1,883) | $ (1,883) | $ (1,883) | $ (1,883) | $ (1,883) | $ (1,883) | $ (1,883) | $ (1,883) | (1,883) | (1,883) | (1,883) | $ (22,591) | (22,591) | $ (22,591) | $ (22,591) | $ (22,591) |
| Class 2: Fulton (cure payment) | $ (533) | $ (533) | $ (533) | $ (533) | $ (533) | $ (533) | $ (533) | $ (533) | $ (533) | (533) | (533) | (533) | $ (6,400) | $ (6,400) | $ (6,400) | $ (6,400) | $ (6,400) |
| Class 3: Southern* | $ (480) | $ (480) | $ (480) | $ (480) | $ (480) | $ (480) | $ (480) | $ (480) | $ (480) | (480) | (480) | (480) | $ (5,766) | (5,766) | $ (5,766) | $ (5,766) | $ (5,766) |
| Classes 4-10: City of Chesapeake (Paid from DIP) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - | - | - | $ - | $ - | $ - | $ - | $ - |
| Classes 11-12: City of Portsmouth (Paid from DIP) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - | - | - | $ - | $ - | $ - | $ - | $ - |
| Classes 13-14: BB&T | $ (473) | $ (473) | $ (473) | $ (473) | $ (473) | $ (473) | $ (473) | $ (473) | $ (473) | (473) | (473) | (473) | $ (5,680) | (5,680) | $ (5,680) | $ (5,680) | $ (5,680) |
| Classes 15-18: New Residential | $ (940) | $ (940) | $ (940) | $ (940) | $ (940) | $ (940) | $ (940) | $ (940) | $ (940) | (940) | (940) | (940) | $ (11,281) | (11,281) | $ (11,281) | $ (11,281) | $ (11,281) |
| Class 19: JPMorgan | $ (290) | $ (290) | $ (290) | $ (290) | $ (290) | $ (290) | $ (290) | $ (290) | $ (290) | (290) | (290) | (290) | $ (3,485) | (3,485) | $ (3,485) | $ (3,485) | $ (3,485) |
| Class 20: Wells Fargo | $ (147) | $ (147) | $ (147) | $ (147) | $ (147) | $ (147) | $ (147) | $ (147) | $ (147) | (147) | (147) | (147) | $ (1,760) | (1,760) | $ (1,760) | $ (1,760) | $ (1,760) |
| Class 21: BNYM | $ (490) | $ (490) | $ (490) | $ (490) | $ (490) | $ (490) | $ (490) | $ (490) | $ (490) | (490) | (490) | (490) | $ (5,881) | (5,881) | $ (5,881) | $ (5,881) | $ (5,881) |
| Class 22: Allowed Unsecured Claims ($37,777.52) | | | | | | | | | | | | (521) | $ (1,300) | (9,337) | $ (9,337) | $ (9,337) | $ (9,337) |
| **Total Plan Payments** | $ (8,295) | $ (8,295) | $ (8,295) | $ (8,295) | $ (8,295) | $ (8,295) | $ (8,295) | $ (8,295) | $ (8,295) | (8,295) | (8,295) | (8,295) | $ (99,537) | (99,529) | $ (99,529) | $ (99,529) | $ (99,529) |

# Exhibit 2 – Claims Analysis

| Lien Holder | Loan # | Claim | | Collateral | | Secured Claim |
| --- | --- | --- | --- | --- | --- | --- |
| | | Amount | Evidence | Real Property | Value | |
| TowneBank | x0829 | $ 220,000.00 | DIP Loan Order | 26th Street & 25th Street | $ 532,000.00 | $ 220,000.00 |
| Fulton Bank, N.A. | x7909 | $ 378,369.50 | MFR | Westmoreland | $ 557,930.00 | $ 378,369.50 |
| Southern Bank & Trust Company | | $ 69,845.55 | Cash Collateral Order | Chautauqua | $ 94,450.00 | $ 69,845.55 |
| Branch Banking & Trust Company / MERS | x3282 | $ 43,331.28 | POC # 3 | 2716 Janice | $ 94,400.00 | $ 43,331.28 |
| Branch Banking & Trust Company / MERS | x3312 | $ 42,382.41 | POC # 4 | 2704 Janice | $ 91,500.00 | $ 42,382.41 |
| New Residential Mortgage Loan Trust 2016-3 / Ocwen Loan Servicing, LLC | x5924 | $ 42,564.55 | POC # 18 | 2706 Janice | $ 87,600.00 | $ 42,564.55 |
| New Residential Mortgage Loan Trust 2016-3 / Ocwen Loan Servicing, LLC | x6543 | $ 42,562.01 | POC # 16 | 2708 Janice | $ 88,700.00 | $ 42,562.01 |
| New Residential Mortgage Loan Trust 2016-3 / Ocwen Loan Servicing, LLC | x5544 | $ 42,551.22 | POC # 15 | 2710 Janice | $ 88,900.00 | $ 42,551.22 |
| New Residential Mortgage Loan Trust 2016-3 / Ocwen Loan Servicing, LLC | x4935 | $ 42,564.55 | POC # 18 | 2712 Janice | $ 88,000.00 | $ 42,564.55 |
| JP Morgan Chase Bank, N.A. | x0660 | $ 52,588.20 | POC # 17 | 2709 Janice | $ 91,800.00 | $ 52,588.20 |
| Wells Fargo Bank, N.A. | x1198 | $ 26,560.88 | POC # 8 | South Street | $ 167,920.00 | $ 26,560.88 |
| The Bank of New York Mellon, Trustee / Bayview Loan Servicing, LLC | x4234 | $ 88,752.79 | POC # 14 | Duquesne | $ 127,600.00 | $ 88,752.79 |
| | Total | $ 1,092,072.94 | | | $ 2,110,800.00 | $ 1,092,072.94 |

| Claims Analysis | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Creditor | Sch D | Sch E | Sch F | POC # | DCU | Amount of Claim | | | Priority Claim | Secured Claim | Unsecured Claim | Notes |
| | | | | | | Scheduled | POC/Agmt | Chosen | | | | |
| Priority and/or Secured (Pre-petition Property Taxes) | | | | | | | | | | | |
| Treasurer, City of Chesapeake: 2704 Janice Lynn Ct | | | | 5 | | | $ 89.96 | $ 89.96 | $ 89.96 | | | 2704 Janice Lynn Ct |
| Treasurer, City of Chesapeake: 2706 Janice Lynn Ct | | | | 5 | | | $ 44.32 | $ 44.32 | $ 44.32 | | | 2706 Janice Lynn Ct |
| Treasurer, City of Chesapeake: 2708 Janice Lynn Ct | | | | 5 | | | $ 44.32 | $ 44.32 | $ 44.32 | | | 2708 Janice Lynn Ct |
| Treasurer, City of Chesapeake: 2709 Janice Lynn Ct | | | | 5 | | | $ 89.96 | $ 89.96 | $ 89.96 | | | 2709 Janice Lynn Ct |
| Treasurer, City of Chesapeake: 2710 Janice Lynn Ct | | | | 5 | | | $ 44.32 | $ 44.32 | $ 44.32 | | | 2710 Janice Lynn Ct |
| Treasurer, City of Chesapeake: 2712 Janice Lynn Ct | | | | 5 | | | $ 44.32 | $ 44.32 | $ 44.32 | | | 2712 Janice Lynn Ct |
| Treasurer, City of Chesapeake: 2716 Janice Lynn Ct | | | | 5 | | | $ 89.96 | $ 89.96 | $ 89.96 | | | 2716 Janice Lynn Ct |
| Treasurer, City of Portsmouth: Chautauqua | | | | | | | | $ 1,891.90 | $ 1,891.90 | | | Chautauqua |
| Treasurer, City of Portsmouth: PP re cars | | | | | | | | $ 180.00 | $ 180.00 | | | Cars |
| Priority (Other Taxes) | | | | | | | | | | | |
| Internal Revenue Service | | x | | 2 | | $ 10,784.87 | $ 8,045.41 | $ 8,045.41 | $ 8,045.41 | | | |
| Virginia Department of Taxation | | x | | 20 | | $ - | $ 339.23 | $ 339.23 | $ 339.23 | | | |
| Treasurer, City of Chesapeake | | x | | | | $ - | $ - | $ - | | $ - | | |
| Treasurer, City of Portsmouth | | x | | | | $ - | | $ - | $ - | | | |
| Treasurer, City of Virginia Beach | | x | | | | $ - | | $ - | $ - | | | |
| Unsecured | | | | | | | | | | | |
| Branch Banking & Trust Company | | | x | 1 | | $ 2,427.00 | $ 2,427.27 | $ 2,427.27 | | | $ 2,427.27 | |
| Dominion Virginia Power | | | x | 9 | | $ 1,194.41 | $ 378.99 | $ 378.99 | | | $ 378.99 | |
| Allstate Auto | | | x | | | $ 1,462.90 | | $ - | | | $ - | Policy Replaced |
| Bo Pearce Enterprises | | | x | | | $ 9,120.00 | | $ 9,120.00 | | | $ 9,120.00 | |
| Chris Bartlett | | | x | | | $ 7,321.00 | | $ 7,321.00 | | | $ 7,321.00 | |
| Columbia Gas of Virginia | | | x | | | $ 176.00 | | $ 176.00 | | | $ 176.00 | |
| Cox Communications | | | x | | | $ 135.00 | | $ 135.00 | | | $ 135.00 | |
| Credit One Bank, NA | | | x | | | $ 627.00 | | $ 627.00 | | | $ 627.00 | |
| City of Chesapeake, Public Utilities | | | | 11 | | $ - | $ 567.97 | $ 567.97 | | | $ 567.97 | |
| Dept. of Public Utilities, Portsmouth | | | x | | | $ 117.67 | | $ 117.67 | | | $ 117.67 | |
| Dept. of Public Utilities, Portsmouth | | | x | | | $ 261.98 | | $ 261.98 | | | $ 261.98 | |
| First Permier Bank | | | x | | | $ 640.00 | | $ 640.00 | | | $ 640.00 | |
| HRSD | | | x | | | $ 681.31 | | $ 681.31 | | | $ 681.31 | |
| IRS | | | | 2 | | | $ 9,349.94 | $ 9,349.94 | | | $ 9,349.94 | |
| Oast & Taylor | | | x | | | $ 5,625.00 | | $ 5,625.00 | | | $ 5,625.00 | |
| VDT | | | | 20 | | | $ 186.41 | $ 186.41 | | | $ 186.41 | |
| VB Public Utilities & Public Works | | | x | | | $ 161.98 | | $ 161.98 | | | $ 161.98 | |
| | | | | | | $ 29,951.25 | $ 12,910.58 | $ 37,777.52 | $ 8,384.64 | $ - | $ 37,777.52 | |