### IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
#### Norfolk Division

In re:   WILLIAM TYLER BROWN, JR.                    Case No. 17-72171-SCS
                                                     Chapter 11

                        Debtor in Possession

### ORDER OF CONFIRMATION
### OF DEBTOR' PLAN OF REORGANIZATION

The debtor-in-possession William Tyler Brown, Jr. (the "Debtor"), by counsel, filed his

Amended Plan of Reorganization (Docket # 118) (the "Plan") on April 18, 2018 and the

accompanying Disclosure Statement (Docket # 104) (the "Disclosure Statement") on February

28, 2018.   On or about April 20, 2018, the Debtor transmitted the same to all creditors and

parties in interest along with a notice of the hearing on confirmation of the Plan (Docket # 120).

The Court conducted the confirmation hearing on May 31, 2018 (the "Confirmation Hearing").

Appearing at the Confirmation Hearing were: Nicholas S. Herron, Esq. (Counsel for the United

States Trustee), D. Carol Sasser, Esq. (Counsel for JPMorgan Chase and Bank of New York

Mellon), Malcolm Brooks Savage, III, Esq. (Counsel for New Residential Mortgage Loan Trust

2016-3, and Counsel for Wells Fargo Bank, NA), the Debtor, and Debtor's Counsel, Joseph T.

Liberatore, Esq.

On May 30, 2018, the Debtor filed a Summary of Ballots (Docket #134), indicating that

all Classes that had submitted ballots (Classes 3 thru 12 and Class 22 [General Unsecured

Claims]) had voted to accept the Plan, while Classes 1 and 2 were not impaired under the Plan.

Joseph T. Liberatore, VSB No. 32302
CROWLEY, LIBERATORE, RYAN AND BROGAN, P.C.
Town Point Center, Suite 300
150 Boush Street
Norfolk, VA 23510
Telephone: (757) 333-4500
Facsimile: (757) 333-4501
Counsel to the Debtor

No ballots were received from the remaining Classes.  Additionally, the following objections

were filed:

| Claimant | Case Docket # | Attorney | Class / Property |
|---|---|---|---|
| JPMorgan Chase | 124 (filed 05/24/2018) | D. Carol Sasser, Esq. | (Class 19 – 2709) |
| Bk NY Mellon | 125 (filed 05/24/2018) | D. Carol Sasser, Esq. | (Class 21 – Duquesne) |
| Wells Fargo | 126/128 (filed 05/24/2018) | Malcolm B. Savage, Esq. | (Class 20 – South St) |
| New Residential | 127 (filed 05/24/2018) | Malcolm B. Savage, Esq. | (Class 15 - 2706) |
| New Residential | 129 (filed 05/24/2018) | Malcolm B. Savage, Esq. | (Class 16 – 2708) |
| New Residential | 130 (filed 05/24/2018) | Malcolm B. Savage, Esq. | (Class 17 - 2710) |
| New Residential | 131 (filed 05/24/2018) | Malcolm B. Savage, Esq. | (Class 18 - 2712) |

On May 31, 2018, the Debtor filed an Amended Summary of Ballots (Docket #136)

whereby all the Objection had been resolved with the exception of the objection of Class 19

Claimant, JPMorgan Chase (Docket #124) of which its counsel believed was resolved but was

had not received final authorization as of the time of the hearing. An Order withdrawing Wells

Fargo's objection was entered on June 1, 2018 (Docket # 139). The Court permitted the Debtor

to present his evidence in support of the Plan, but set a date of a continuance of the hearing of

June 14, 2018, in the event that the Debtor and JPMorgan Chase did not resolve the sole

remaining objection to the Plan. On June 13, 2018, counsel for Debtor's counsel submitted his

request for removal of the continued hearing, apprising the Court that JPMorgan Chase had

confirmed its settlement of the objection.

Based upon the representations of counsel presented by the Debtor at the Confirmation

Hearing, the Court makes the following findings of fact and conclusions of law:

1.   The Debtor provided proper notice of the Plan and the payment provisions thereunder

to all creditors and parties in interest.

2.  With respect to each class of claims, all creditors that voted on the Plan cast ballots in

favor of the Plan.

3.  Each holder of a claim or interest in an impaired class of claims or interest that voted on

the Plan cast ballots in favor of the Plan.

4.   The Plan complies with Title 11 of the United States Code and satisfies all of the elements of 11 U.S.C. § 1129 required for confirmation of the Plan.

5.   The Debtor proposes the Plan in good faith and not by any means forbidden by law.

6.   Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by the court or is subject to the approval of the Court as reasonable.

7.   Creditors holding claims entitled to priority under to Bankruptcy Code §§ 507(a)(1) through 507(a)(8) of the Bankruptcy Code are being paid as required by law or have otherwise agreed to alternative treatment. 11 U.S.C. § 1129(a)(9).

8.   The Debtor rejected all of its Executory Contracts or Unexpired Leases, and the Plan otherwise provides for non-Debtor party to the contract or lease as proscribed by 11 U.S.C. § 365(b).

9.   Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor and such liquidation or reorganization is not proposed in the Plan.

10. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation, have been paid or the Plan provides for the payment of all such fees on the Effective Date of the Plan continuing until the case is closed.

11. The Debtor is not subject to any requirement to pay domestic support obligations.

12. No holder of an Allowed Secured Claim filed an objection to the Plan.  Regardless, the value of the property to be distributed under the Plan is not less than the projected disposable income of the Debtor to be received during the five year period beginning on the Effective Date of the Plan.

13. This Court shall retain jurisdiction over this case following confirmation and until consummation of the Plan for the purposes set forth in the Plan.

14. The capitalized terms used in this Order defined in the Plan retain the same meanings when employed in this Order.

15. The Debtor reached an agreement resolving the objections of New Residential as to the

3

treatment of each of its secured claims (Classes 15, 16, 17, and 18) that differs from the language of the Plan, whereby the terms of the Plan remain except modified as follows:

      a.      The interest rate shall be 5.5% per annum; and

      b.      The repayment period and amortization schedule shall be an additional 33 months to 393 months.

16. The Debtor reached an agreement resolving the objection of JPMorgan Chase as to the treatment of its secured claims (Class 19) that differs from the language of the Plan, whereby the terms of the Plan remain (inclusive of the 5.25% interest rate amortized over 360 months) except modified as follows:

      a.      In addition to monthly payments of principal and interest, the Debtor shall simultaneously make escrow payments Loan to remain escrowed for taxes, home owners insurance and private mortgage insurance; and

      b.      The Debtor shall pay for post-petition escrow advances totaling $1,684.92 to be paid at 0% over 24 months beginning on the effective date of the plan ($70.20/month).

UPON CONSIDERATION WHEREOF, it is **ORDERED, ADJUDGED AND DECREED** that the Plan is hereby confirmed.  The Debtor is ordered and authorized to perform all acts as well as execute and deliver all documents and instruments necessary to carry out the intent and purposes of the Plan.  **The terms and provisions of the Plan, as modified by the terms of this Order, are binding upon the Debtor, all its creditors, all parties in interest, and all equity security holders affected thereby**.

It is further **ORDERED, ADJUDGED AND DECREED** that the Debtor is obligated to pay United States Trustee quarterly fees until the case is closed, converted or dismissed, whichever occurs first.

It is further **ORDERED, ADJUDGED AND DECREED** that the Debtor may seek to close their bankruptcy case after his plan is confirmed, but prior to discharge.  The Debtor may then seek to reopen this case for the entry of a discharge upon completion of plan payments

under Bankruptcy Code § 1141(d)(5)(A) when the estate has been fully administered, any trustee has been discharged, and the discharge hearing is the only matter remaining before the court.

It is further **ORDERED, ADJUDGED AND DECREED** that Section E, Class Two of the Plan is hereby modified by those terms stated in Paragraph 15 above.

It is further **ORDERED, ADJUDGED AND DECREED** that all executory contracts and unexpired leases to which either Debtor was a party are hereby rejected and the non-debtor party to the rejected contract or lease shall file its proof of claim within the timeframe designated in the Plan.

It is further **ORDERED**, **ADJUDGED AND DECREED** that all creditors and parties in interest are bound by the Plan, as confirmed, and will not have claims against the Debtor other than as specifically stated in the Plan.  The sole remedy and right of collection of the holders of Claims is pursuant to the provisions of this Plan, whether or not such holder accepted this Plan and whether or not the claims of such holder are impaired under the Plan.

It is further **ORDERED, ADJUDGED AND DECREED** that pending the conclusion of all payments under the Plan, and upon the granting of a discharge in accordance with 11 U.S.C. § 1141(d) and Standing Order 09-1, unless specifically excepted by the Court, the Debtor shall be released and discharged from any and all Pre-Petition claims, rights, debts, liabilities, demands, obligations, liens, security interests, rights of indemnity or contribution, promises, acts, agreements, covenants, contracts, costs, expenses (including, without limitation, attorneys' fees), judgments, damages, and causes of action, of any kind or nature, in law, equity, or otherwise, whether known or unknown, direct or indirect, which any creditor, ever had, now have or hereafter can, shall or may have, or succeed to, arising from relating to, or in connection with, whether directly or indirectly, the Case and the provisions of this Plan.  Any judgment heretofore or hereafter obtained in any court, other than this Court, is null and void as a determination of the liability of the Debtor with respect to debts dischargeable under 11 U.S.C. § 1141(d).

It is further **ORDERED, ADJUDGED AND DECREED** that all creditors whose debts

are discharged, and all creditors whose liens are declared null and void by this Order are enjoined, absent further leave of this Court, from instituting any act to collect such pre-petition debt from the Debtor or their property, except as provided in the Plan.

It is further **ORDERED, ADJUDGED AND DECREED** that the Debtor and any other necessary party shall perform any act necessary for the consummation of the Plan, including the execution or delivery, or shall join in the execution or delivery, of any instrument required to effect the release of any liens against the property of the Debtor as provided for in the Plan or in this Order.

It is further **ORDERED, ADJUDGED AND DECREED** that the 14-day stay imposed by Bankruptcy Rule 3020(e) is waived.

Upon entry the Clerk of the United States Bankruptcy Court shall direct copies of the foregoing Order to those on the List of Persons to Receive a Copy of Order.

Entered: Jul 23 2018                    /s/ Frank J. Santoro
                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

I ASK FOR THIS:

/s/  Joseph T. Liberatore                Entered on Docket:7/24/18
Counsel for the Debtor

SEEN AND AGREED:

/s/ D. Carol Sasser *                    *Permission to Affix signature received via e-mail
Counsel for JP Morgan Chase              on 07/19/2018 at 11:57 a.m.

SEEN AND AGREED:

/s/ D. Carol Sasser **                   **Permission to Affix signature received via e-mail
Counsel for Bank NY Mellon               on 07/19/2018 at 11:57 a.m.,

SEEN AND AGREED:

/s/  Malcolm Brooks Savage III***        ***Permission to Affix signature received via
Counsel for Wells Fargo                  e-mail on 07/18/2018 at 5:17 p.m.

6

SEEN AND AGREED:

*/s/ Malcolm Brooks Savage III*\*\*\*\*    \*\*\*\**Permission to Affix signature received via*
Counsel for New Residential    *e-mail on 07/18/2018 at 5:17 p.m.*

SEEN AND NO OBJECTION:

*/s/  Nicholas S. Herron* \*\*\*\*\*    \*\*\*\*\**Permission to affix signature received via*
Counsel for the Office of the U.S. Trustee    *e-mail on 07/19/2018 at 8:41 a.m.*

## CERTIFICATE OF ENDORSEMENT

I certify that the foregoing Order has been endorsed by all necessary parties pursuant to Local Rule 9022-1(C)(1).

*/s/ Joseph T. Liberatore*

**List of Persons to Receive a Copy of Order:**

Nicholas S. Herron, Esq.
Office of the U.S. Trustee
200 Granby Street, Room 625
Norfolk, VA 23510

William Tyler Brown, Jr.
4708 Westmoreland Terrace
Portsmouth, VA  23707

Joseph T. Liberatore
Crowley, Liberatore, Ryan & Brogan, P.C.
Town Point Center, Suite 300
150 Boush Street
Norfolk, VA 23510

D. Carol Sasser, Esq.
Samuel I. White, P.C.
5040 Corporate Woods Dr., Ste 120
Virginia Beach, VA  23230

Malcolm B. Savage, Esq.
Shapiro & Brown LLP

501 Independence Pkwy., Suite 203
Chesapeake, VA  23320